UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KHALIL KHOLI,
    Petitioner,

v.

A.T. WALL,
    Respondent.

C.A. No. 14-307-M-LDA

## ORDER

Khalil Kholi filed a Petition for a Writ of Habeas Corpus asserting two grounds: (1) a challenge to a state court ruling on a discovery issue (ECF No. 1 at 5-6) and (2) an assertion of ineffective assistance of counsel. (*Id.* at 7-8). The State has moved to dismiss. (ECF No. 7). After a thorough review of the record in the case and analysis of applicable law, this Court grants the State's motion to dismiss.

### I. FACTS AND PROCEDURE

A Rhode Island Superior Court jury convicted Mr. Kholi of ten counts of first degree sexual assault of his four and eight year old step-daughters. The court sentenced him to numerous life sentences. The Rhode Island Supreme Court upheld the convictions. *State v. Kholi*, 672 A.2d 429 (R.I. 1996). Mr. Kholi then filed a motion to reduce his sentence, which the Rhode Island Superior Court denied and the Rhode Island Supreme Court affirmed. *State v. Kholi*, 706 A.2d 1326 (R.I. 1998).

Mr. Kholi then brought his challenges to the federal court. He filed his first petition for a writ of habeas corpus in this Court asserting six grounds. *Kholi v. Wall*, 07-cv-346-M-LDA.[1] The state moved to dismiss the remanded petition arguing that four of the six grounds were unexhausted. The Magistrate Judge issued a Report & Recommendation (ECF No. 50 in 07-cv-346-M-LDA) recommending that the Court dismiss the petition. This Court accepted the R&R and gave Mr. Kholi 30 days to drop the unexhausted claims (*See* Text Order dated May 8, 2012 in 07-cv-346-M-LDA); he failed to do so and the Court dismissed his petition. (ECF No. 55 in 07-cv-346-M-LDA). After the Court denied Mr. Kholi's motion to reconsider, he appealed to the United States Court of Appeals for the First Circuit, which upheld the denial. (ECF No. 70).

Mr. Kholi now files this second habeas petition and asserts two grounds[2] - both grounds were exhausted claims as this Court concluded in his prior petition. The State moves to dismiss (ECF No. 7) and Mr. Kholi opposes the motion. (ECF Nos. 12 and 13).

II. ANALYSIS

A. **Ground One – Discovery Challenge**

Mr. Kholi asserts that the State violated Rule 16 of the Rhode Island Superior Court Rules of Criminal Procedure when it failed to provide him with statements made by the minor victims about a trip to Philadelphia. (ECF No. 1 at 5-6). Mr. Kholi raised this issue in his direct appeal to the Rhode Island Supreme Court and that court discussed it in its opinion affirming the conviction. *State v. Kholi*, 672 A.2d at 434-436. Mr. Kholi did not raise it in his post-conviction motion.

---

[1] The United States District Court held that the petition was untimely, but the United States Supreme Court ultimately overturned that ruling, reinstated his petition, and remanded the case to this Court. *Wall v. Kholi*, 131 S.Ct. 1278 (2011).

[2] Mr. Kholi filed a post-conviction petition as to the four unexhausted claims in state court.

2

In its motion to dismiss, the State asserts that this alleged discovery rule violation is a state law claim and therefore it is not cognizable in a federal habeas corpus petition. *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002) (a claim of state discovery rule violation is not a claim "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)). Mr. Kholi fails to respond to this portion of the State's motion to dismiss. (ECF Nos. 12 and 13).

Despite a lack of argument from Mr. Kholi and although his claim is based on a state court procedural rule, the Court will nevertheless address the claim on the record before it because of the nature and purpose of Rule 16. This rule is designed to prevent the violation of due process, specifically the right to establish the best possible defense as well as the federal and state constitutional rights to counsel. *See State v. Powers*, 526 A.2d 489, 493 (R.I. 1987). Because of this, the Court will analyze Mr. Kholi's ground one claim under federal habeas standards contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court's analysis of this ground, therefore, is limited in those two respects.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (citing *Wardius v. Oregon*, 412 U.S. 470, 474 (1973). "[T]he Due Process Clause has little to say regarding the amount of discovery which the parties must be

3

afforded. . . ." *Id.* *Brady v. Maryland* did require the Government to disclose any exculpatory evidence that is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). "Information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Rosario-Peralta*, 175 F.3d 48, 53 (1st Cir. 1999) (internal quotation marks omitted); *United States v. Rivera-Hernandez*, 497 F.3d 71, 79 (1st Cir. 2007).

Turning to the rule Mr. Kholi invokes in his petition, rule 16(a)(1) only "requires the state to *summarize* relevant statements of a defendant that have not been reduced to writing"; the summary "'need not document verbatim every sentence recalled by a witness as being uttered by a defendant[,] [n]or does every trifling detail or minutia of oral statements or testimony need to be disclosed.'" *State v. Farley*, 962 A.2d 748-53 (R.I. 2009) (quoting *State v. LaChapelle*, 638 A.2d 525, 530-31 (R.I. 1994)). The Rhode Island Supreme Court exhaustively addressed this claim and adjudicated it on the merits, finding that Rule 16 and, consequently, Mr. Kholi's constitutional rights were not violated. *State v. Kholi*, 672 A.2d at 434-36. The court found that Mr. Kholi "received substantial discovery material from the state including lengthy statements written by both victims and reports from the Pawtucket police department." *Id.* at 434-35. The court also found that Mr. Kholi received summaries of the statements, that the victims introduced rebuttal evidence to contradict his denials that he conditioned privileges on his victims' compliance with his sexual demands, and that evidence about a trip to Philadelphia was cumulative and did not hamper his ability to put on a defense. *Id.* at 434-36.

The Rhode Island Supreme Court found that Rule 16 was not violated based on a reasonable application of the law and the facts. This Court finds, therefore, that this ruling is neither "contrary to, or involved an unreasonable application of, clearly established Federal law,

4

as determined by the Supreme Court of the United States" ((d)(1)).[3] Ground one of Mr. Kholi's petition is dismissed on the merits.

###   B.   Ground Two - Ineffective Assistance of Counsel

To support his ineffective assistance of counsel claim, Mr. Kholi asserts that "[t]he trial Attorney did not know the laws and the Rhode Island Supreme Court claimed to have a de novo review of counsel and did not have the Original Trial Transcripts before them." (ECF No. 1 at 7-8). Although he raised an ineffective assistance claim in his first state post-conviction motion to reduce his sentence, that was based on his trial counsel's failure to call character witnesses, not on the ground stated in his petition before this Court.

Despite these differences, in its motion to dismiss, the State treats Mr. Kholi's ineffective assistance counsel claim brought here the same as the ineffective assistance counsel claim brought in his state post-conviction motion. (ECF No. 7). The government references and relies on the Rhode Island Supreme Court's analysis and argues that under the deferential habeas standard of review, Mr. Kholi's ineffective assistance ground must be dismissed. To add to the confusion, in addition to arguing that his counsel should have called character witnesses,[4] Mr. Kholi raises numerous facts in his opposition in support of his ineffective assistance claim that

---

[3] Subsection (d)(2) - "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" – is not applicable to this analysis.

[4] Mr. Kholi seeks an evidentiary hearing and appointment of counsel. (ECF No. 14). The question of an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2), providing, in relevant part, that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Because, Mr. Kholi cannot make this showing, his motion for an evidentiary hearing is DENIED. Moreover, inasmuch as no evidentiary hearing is warranted in this matter, there is no reason for appointment of counsel. *See* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Therefore, his request for appointed counsel is DENIED.

are neither set forth in his petition nor discussed by the Rhode Island Supreme Court, i.e., admission of prior bad acts, perjury by alleged victims, failure to investigate the case, and failures by post-conviction counsel. (*See e.g.* ECF Nos. 12, 13).

The Court will first focus on the factual allegations in the petition before it, i.e., that Mr. Kholi's attorney did not know the law, that the Rhode Island Supreme Court claimed to have a *de novo* review of counsel, and that it did not have the original trial transcripts before them. (ECF No. 1 at 7). Although Mr. Kholi contends that these issues are exhausted as they were raised in his post-conviction motion, the record does not support that contention nor did the Rhode Island Supreme Court discuss these claims in its decision on that motion. Furthermore, Mr. Kholi does not argue any facts in support of his allegation that his attorney was ineffective because he did not know the law, that the Rhode Island Supreme Court claimed to have a *de novo* review of counsel and that it did not have the original trial transcripts before them in his oppositions to the motion to dismiss. Since the Rhode Island Supreme Court did not adjudicate the factual allegations underpinning his ineffective assistance claim in the decision he references nor were they briefed to this Court, those bases for his ineffective assistance claim are dismissed.

Therefore, the only issue the Rhode Island Supreme Court discussed relative to Mr. Kholi's ineffective assistance of counsel ground relates to his attorney's decision not to call character witnesses. Because Mr. Kholi touches on this issue in his opposition, though it does not appear in his petition, out of an abundance of caution, the Court will address this claim. A brief procedural review sets the stage for the Court's legal analysis.

Mr. Kholi filed his first application for post-conviction relief *pro se* in state court. *Kholi v. Wall*, 911 A.2d at 263. After the state court hearing justice appointed Mr. Kholi counsel, he held an evidentiary hearing on the issue of whether Mr. Kholi's counsel erred in failing to call

character witnesses. *Id.* The court then denied the petition and Mr. Kholi appealed to the Rhode Island Supreme Court. *Id.* at 264. In addressing Mr. Kholi's ineffective assistance claim, the Rhode Island Supreme Court applied the familiar *Strickland v. Washington* two-part test, requiring Mr. Kholi first to "show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Giving the requisite deference to the hearing justice's findings, the Rhode Island Supreme Court found that Mr. Kholi "failed to prove that defense counsel's performance was constitutionally deficient" because Mr. Kholi never disclosed the names of the witnesses who testified at his post-conviction hearing about his character to his trial counsel. *Kholi v. Wall*, 911 A.2d at 264. Moreover, the court found that his counsel's trial strategy not to present character witnesses was reasonable in light of the real danger of opening the door to unwanted cross-examination that could potentially damage the defense.[5] *Id.* at 264-65. Therefore, the court concluded that counsel's performance was not constitutionally deficient and Mr. Kholi was not prejudiced because none of the witness testimony at the post-conviction hearing would have had an effect on the outcome of the trial.

The Court finds that the Rhode Island Supreme Court's adjudication of this claim on the merits was not contrary to, or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254 (d). United States Supreme Court precedent dictates deference under the *Strickland* standard and this Court cannot find, based on the Rhode Island Supreme Court's decision, that Mr. Kholi's counsel made errors such that his Sixth Amendment right to counsel

---

[5] Evidence of Mr. Kholi's good character nevertheless came in because the victims' mother did testify that the complaining witnesses lied and that Mr. Kholi was a good man. *Kholi v. Wall*, 911 A.2d at 265.

7

was compromised. In fact, the court reflected on the evidence of prospective witnesses' testimony and recognized that, in some cases, Mr. Kholi did not inform his attorney of certain witnesses, and where he did so inform, his counsel made reasonable, strategic decisions not to call witnesses based on the best interests of his client. Mr. Kholi's petition on ground two is thus DENIED.

### III. CONCLUSION

For the reasons stated, the Court DENIES Mr. Kholi's Motion for and Evidentiary Hearing and the Appointment of Counsel (ECF No. 14) and GRANTS the State's Motion to Dismiss (ECF No. 7).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

Date: February 10, 2015